IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Raymond Orrand, et al., :

    Plaintiffs, : Case No. 2:09-cv-1051

v. : Judge Sargus

James Hamro, et al., :

    Defendants. :

## OPINION AND ORDER

This matter is before the Court on the motion for partial summary judgment filed by the plaintiffs Raymond Orrand, the administrator of the various named employee benefit funds, and the trustees of these various funds ("Plaintiffs"). Plaintiffs seek judgment on count one of their complaint in which they allege that the defendants, James Hamro and JPH Dissolution Corp. ("Defendants"), have denied them their right to perform an audit of the necessary books and records concerning fringe-benefit contributions made pursuant to the Ohio Residential and Light Commercial Agreement and the Highway Heavy Agreement (the "collective-bargaining agreements"). Plaintiffs contend that there are no genuine issues of material fact regarding their right to audit and that they are entitled to judgment, on count one, as a matter of law.

I.

The motion for partial summary judgment is supported by the affidavit of Raymond Orrand. Mr. Orrand avers that James Hamro and JPH Dissolution Corp. ("Defendants"), despite several requests, have refused to permit Plaintiffs to perform an audit of the necessary books and records with respect to the hours worked by, and wages paid to, Defendants' employees. (Orrand Aff. ¶ 2, 4). Plaintiffs contend that the audit is required by collective-bargaining agreements which were signed by Defendants and the Trust Agreement that covers the various funds. (Orrand Aff. ¶ 2). Defendants have neither responded to the complaint nor to Plaintiffs' motion for partial summary judgment. On December 18, 2009, the Clerk entered default against

Defendants.

II.

Summary judgment is not a substitute for a trial when facts material to the Court's ultimate resolution of the case are in dispute. It is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, the Court views "all facts and any inferences in the light most favorable to the nonmoving party." Gorecki v. City of Cambridge, No. C2-07-420, 2009 WL 3109918, at *3 (S.D. Ohio Sept. 25, 2009) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). Additionally, the Court "may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150 (2000). Instead, the Court "should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached . . . . Id. at 151.

At the summary judgment stage, the moving party bears the burden of demonstrating the absence of any genuine issue of material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970). The nonmoving party does have the burden, after completion of sufficient discovery, to submit evidence in support of any material element of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not yet submitted evidence to negate the existence of that material fact. See Celotx Corp. v. Catrett, 477 U.S. 317 (1986). A scintilla of evidence in support of the moving parties position will be insufficient; rather, evidence must exist on which the jury can reasonably rule in favor of the plaintiff. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

III.

When the opposing party has not responded to a motion for summary judgment, a district court may properly grant the motion if it "demonstrates that the moving party is entitled to judgment as a matter of law." Turner v. General Motors Corp., No. 00-6047, 2001 WL 1456340, at *1 (6th Cir. Nov. 2, 2001) (citing Stough v. Mayville Cmty. Sch.., 138 F.3d 612, 614 (6th Cir. 1998)). Therefore, a court may not enter judgment against an opposing party simply for failing to respond to a motion for summary judgment. *See* Adickes, 398 U.S. 144. It is only when

judgment as a matter of law is "appropriate" that a court may grant a motion for summary judgment. *See* Fed.R.Civ.P. 56(e).

In determining whether the moving party is entitled to judgment as a matter of law, a court must "consider not only the materials specifically offered in support of the motion, but also all" the pleadings, the discovery and disclosure materials on file. Smith v. Hudson, 600 F.2d 60, 64 (1979). However, Defendants have not responded to the complaint or filed any discovery and disclosure materials. The only materials before the Court are Plaintiffs' complaint and affidavit.

A court is entitled to rely upon any affidavits submitted by the parties. See Valente v. University of Dayton, No. 308- cv-225, 2010 WL 55683, at *2 (S.D. Ohio Jan. 4, 2010). Thus, the Court is entitled to accept as true all of the facts asserted in Plaintiffs' uncontested affidavit. See, e.g., Orrand v. Horner Construction, Inc., No. 2:07-cv-185, 2008 WL 5142415, at *1 (S.D. Ohio Dec. 5, 2008) (holding that the court was entitled to accept the auditor's calculation as correct when the defendants did not respond to a motion for summary judgment). Those facts establish that Defendants are bound by the collective bargaining agreements and that those agreements, among other things, require that the Defendants permit their books and records to be audited in the manner that Plaintiffs request. Therefore, Plaintiffs have met the burden of proving that the partial summary judgment they seek is appropriate.

IV.

Based on the foregoing reasons, Plaintiffs' motion for partial summary judgment (# 8) is GRANTED. It is hereby ORDERED that Defendants make available, within thirty days from the date of this order, to Plaintiffs for audit all of the individual earnings records, weekly payroll journals, and other payroll records of Defendants, all quarterly withholding tax and FICA tax returns (Forms 941); and all of Defendants' Forms W-3 for the period March 1, 2008, to the present for all employees who were covered by the collective-bargaining agreements.

**SO ORDERED.**

Date: 3-3-2010

Edmund A. Sargus, Jr.
United States District Judge

3